IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL GONZALEZ | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-4031 |
| BLUEGREEN VACATIONS CORPORATION, BLUEGREEN VACATIONS UNLIMITED, INC., AND BLUEGREEN NEVADA, LLC | § | |
| *Defendants*. | § | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISMISS UNDER RULE 41**

TO THE HONORABLE JUDGE LYNN N. HUGHES:

Defendants BLUEGREEN VACATIONS CORPORATION, BLUEGREEN VACATIONS UNLIMITED, INC., BLUEGREEN NEVADA, LLC, BLUEGREEN RESORTS MANAGEMENT AND BG CLUB 36 OWNER'S ASSOCIATION, INC. (collectively "Defendants") respectfully files this their Response and Opposition to Plaintiff Manuel Gonzalez's Motion to Dismiss Under Rule 41 and would show unto the Court as follows:

**I.
BACKGROUND**

1.  Plaintiff originally filed this suit in state court on October 30, 2020, alleging personal injuries as a result of a trip and fall that occurred on August 16, 2020. Defendants removed the suit to this Court on November 25, 2020. Parties requested a trial setting for the April 2022 trial term as a result of the Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure (Document #11).

2. On December 4, 2020, Defendants provided Plaintiff with their Rule 26 disclosures. *See attached Exhibit 1*. On March 12, 2021, Defendants provided Plaintiff the names of the entities for Plaintiff to bring suit against. *See attached Exhibit 2.* Although it was not required, Defendants attempted to expedite the proceedings by emailing Plaintiff's counsel to inform him that they would be willing to accept service for these entities on July 6, 2021. *See attached Exhibit 3.* This was once again re-urged with Plaintiff on August 16, 2021. *See attached Exhibit 4.* Plaintiff failed to bring suit against these previously disclosed entities until September 25, 2021, over six-months after they were first disclosed (Document #23).

3. On July 13, 2021, Defendants supplemented their disclosures and provided Plaintiff with a list of the employees and security guards who were working on the premises on the date of the incident. *See attached Exhibit 5.* On September 23, 2021, Defendants once again supplemented their disclosures. *See attached Exhibit 6.* Plaintiff contends this was the first time this witness information was provided. This is simply not the case. The names of the possible witnesses were first disclosed on July 13, 2021. In fact, to date, Plaintiff has not requested to depose a single witness despite repeated efforts of Defendants to set Plaintiff's deposition. *See attached Exhibit 4.*

4. Plaintiff's current Motion to Dismiss is an obvious attempt to circumvent this Court's deadlines as Plaintiff has an upcoming expert deadline he cannot meet. *See attached Exhibit 7.* Plaintiff's assertion that he is seeking a dismissal as a result of Defendants' alleged actions or inactions is a less than candid representation to this Court.

## II.
## LEGAL STANDARD

5. Rule 41 (a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." FRCP 41 (a)(2). As a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the

non-moving party. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir.2002). Although the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice, "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir.1991). In *Davis* the Fifth Circuit concluded that when a plaintiff moved to dismiss under Rule 41(a)(2) more than a year after the case was removed, and after months of filing pleadings, attending conferences, and submitting memoranda and further, after a magistrate recommended a ruling adverse to their position, it was not an abuse of discretion to deny voluntary dismissal. *Id.* In addition, under Rule 41 (a)(2), a court may place conditions on the dismissal, such as requiring the plaintiff to refile the action in the same court, in order to prevent forum shopping. *See Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 699 (6th Cir.1964)(dismissing appeal from voluntary dismissal without prejudice since condition that plaintiff refile the case, if at all, in the same court was not "unreasonable"); *see also Versa Products, Inc. v. Home Depot USA, Inc.,* 2004 WL 5544746 (N.D. Georgia 2004)(holding that court has the power under Rule 41 (a)(2) to require plaintiff to refile its suit in the same district court should plaintiff seek to refile in order to avoid forum shopping.)

### III.
### ARGUMENT AND AUTHORITIES

**A. This Court Should Deny Plaintiff's Motion to Dismiss as Defendants Will Be Prejudiced by Dismissal**

6. This Court should deny Plaintiff's Motion to Dismiss this action as a dismissal of this action will prejudice Defendants. Parties have spent the last ten months litigating this case in this Court. Parties have undertaken discovery and Defendants specifically have been working on

this suit in order to prepare for the April 2022 trial setting. Allowing Plaintiff to dismiss his action now would prejudice the Defendants as they would then have to re-litigate if Plaintiff were allowed to dismiss this case and refile it elsewhere. Defendants have incurred significant fees in preparing for this case and would face incurring the same fees and costs again should Plaintiff be allowed to dismiss this action. Such would be fundamentally unfair and prejudicial to Defendants to have to incur these costs and expenses simply because Plaintiff is unprepared to meet the deadlines set by this Court. Thus, this Court should deny Plaintiff's Motion to Dismiss this action as Plaintiff is simply unbale to meet her expert deadlines and is engaging in gamesmanship.

## IV.
## CONCLUSION

7. This Court should deny Plaintiff's Motion to Dismiss this action because allowing Plaintiff to dismiss this action would prejudice Defendants as it would allow Plaintiff to circumvent deadlines he cannot otherwise meet and require the Defendants to potentially incur the exact same costs, fees and expenses relitigating should Plaintiff refile his litigation against these Defendants. Should this Court find that such grounds are insufficient to prevent it from dismissing this litigation, then Defendants respectfully request that this Court put conditions in its order granting Plaintiff's dismissal that would require Plaintiff, should he decide to refile against either of the Defendants, to refile his case against these Defendants in this Court and put a shorter time frame on discovery and expert deadlines. By at least placing those conditions in the order granting Plaintiff's dismissal, Defendants would avoid the prejudice complained of and Plaintiff would be prevented from reaping any benefits he seeks in his attempt to evade deadlines.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: *Evan N. Kramer*
_____
EVAN N. KRAMER,
*ATTORNEY IN CHARGE*
Southern District Bar No. 579748
State Bar No. 11704650
URVASHI MOROLIA
Southern Bar No. 3436021
State Bar No. 24096083
One Riverway, Suite 1400
Houston, Texas 77056
(713) 403-8210; Fax: (713) 403-8299
Email: ekramer@thompsoncoe.com
umorolia@thompsoncoe.com

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2021, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Leena Joseph
Texas Bar No. 24084374
Federal ID No. 3085374
Email: ljoseph@millerweisbrod.com
LAW OFFICE OF DOMINGO GARCIA, LLP
6200 GULF FREEWAY, SUITE 410
HOUSTON, TEXAS 77023
TEL. (713) 349-1500
FAX. (713) 432-7785
*Attorney for Plaintiff*

*Evan N. Kramer*
_____
EVAN N. KRAMER