IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL GONZALEZ, *Plaintiff*, | § § § | |
| VS. | § | CIVIL ACTION NO. 4:20-cv-04031 |
| BLUEGREEN VACATIONS CORPORATION, BLUEGREEN VACATIONS UNLIMITED, INC., BLUEGREEN NEVADA, LLC, BLUEGREEN RESORTS MANAGEMENT AND BG CLUB 36 OWNERS ASSOCIATION, INC. *Defendants*. | § § § § § § § § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE PETER BRAY:**

COMES NOW, Manuel Gonzalez (hereinafter "Plaintiff"), and files his Response to Defendants' Motion for Summary Judgment. In support thereof, Plaintiff would show the Court as follows:

**I. STANDARDS FOR SUMMARY JUDGMENT**

1.1 Federal Rule of Civil Procedure 56(c) provides that summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrated the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

1.2 In deciding the motion for summary judgment, "the court must review the record taken as a whole." *Reeves v. Sandrson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir.1996) (citing *Lindsey v. Prive Corp.*, 987 F.2d 324, 327 n. 14 (5th Cir. 1993)); See *Reeves,* 530 U.S. at 150. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Christopher Vill. Ltd. P'ship v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999).

1.3 "To prevail in a premises-liability case, the invitee Plaintiff must show that …

(1) the owner had actual or constructive knowledge of the condition at issue;
(2) the condition was unreasonably dangerous;
(3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and
(4) the owner's failure to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries".[1]

## II. SUMMARY JUDGMENT EVIDENCE

**Exhibit A:** Affidavit of Manuel Gonzalez.

**Exhibit B:** Surveillance Footage of the Plaintiff's fall at Defendants' indoor pool. See https://www.dropbox.com/s/3x24syamtbxccaa/BLUEGREEN%200001.MP4?dl=0
1). The fall occurs at 0:17 seconds in the video.

---

[1] *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 (Tex. 2022).

# III. Argument

3.1     Defendants allege that Plaintiff has no evidence to support his premises liability claim against Defendants.

3.2     Plaintiff produces his own Affidavit countering Defendants' assertion that there is no genuine issue of material fact. Plaintiff stated in his Affidavit that when he arrived at Bluegreen Vacations property in the days prior to this Incident, that he was notified the pool was closed.[2] Their stay at Bluegreen Vacations property was during the height of the Covid pandemic. While staying at Bluegreen, the pools were opened.[3] Plaintiff enjoyed some sun with his wife and elected to go to the indoor pool to cool down.[4] Plaintiff took one step into the pool, felt no slip resistant materials on the step and fell.[5] Plaintiff sustained a serious back injury requiring two surgeries.[6]

3.3     In his Affidavit, Plaintiff has asserted that the pool was not properly maintained correctly due to the Covid pandemic and understaffing.[7]

3.3     In addition, Plaintiff attaches the surveillance footage of Plaintiff's fall at Defendants' indoor pool as further evidence that Defendants had actual or constructive notice of the condition, that the pool condition was unreasonably dangerous, and that Defendants did not exercise reasonable care to remove the dangerous condition that caused his injury.[8]

---

[2]     *See* Exhibit A.
[3]     *Id.*
[4]     *Id.*
[5]     *Id.*
[6]     *Id.*
[7]     *Id.*
[8]     *See* Exhibit B.

## IV. Conclusion

4.1    Plaintiff has suffered from an injury that did not have to happen. Defendants should have to answer to a jury. Defendants' motion for summary judgment should be denied.

## V. Prayer

5.1    For these reasons, Plaintiff asks the Court to deny Defendants' Motion for Summary Judgment and for such other relief as she may show himself entitled.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

12929 Gulf Freeway
Houston, Texas 77034
Telephone:    (713) 349-1500
Facsimile:    (713) 432-7785

*/s/ Justin Carlisle*
JUSTIN CARLISLE
Federal Bar No.: 896615
State Bar No.: 24055262
jcarlisle@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on the 19th day of May, 2023, a true and correct copy of the foregoing was served on counsel of record as follows:

Evan N. Kramer
THOMPSON COE COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas 77056

*/s/ Justin Carlisle*
JUSTIN CARLISLE