UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Manuel Gonzalez, § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | Civil Action H-20-4031 |
| § | | |
| BlueGreen Vacations § | | |
| Corporation, et al., § | | |
| *Defendants.* § | | |

## MEMORANDUM AND ORDER

Pending before the court is Defendants' Motion for Summary Judgment, ECF No. 57. The parties consented to the jurisdiction of the undersigned magistrate judge for all purposes, including entry of judgment. ECF Nos. 55, 56. The court has considered the motion, the responses, and the applicable law. The motion is **GRANTED**.

### 1. *Factual Background*

This premises liability case arises from Plaintiff Manuel Gonzalez's slip and fall in Defendants' pool. Gonzalez Aff., ECF No. 58-1 at 1. According to Gonzalez, he and his wife were staying at Bluegreen Vacations resort in Las Vegas, Nevada in August 2020 during the Covid-19 pandemic. *Id.* Gonzalez entered the property's indoor pool area and slipped on the pool steps as he took his first step into the pool. *Id.* Gonzalez did not feel any slip-resistant material on the steps, and he believes that the pool was not properly maintained due to the Covid-19 pandemic and understaffing. *Id.* Gonzalez suffered a serious back injury requiring two surgeries. *Id.*

Gonzalez sued BlueGreen Vacations Corporation, BlueGreen Vacations Unlimited, Inc., BlueGreen Nevada, LLC,

BlueGreen Resorts Management, and BG Club 36 Owners Association, Inc. for negligence, gross negligence, and premises liability. 1st Am. Compl., ECF No. 23 at 2–4. The Defendants now move for summary judgment arguing, among other things, that all of Gonzalez's claims sound in premises liability and that Gonzalez has no evidence of any of the essential elements of his premises liability claim. ECF No. 57 at 2–3.

## 2. *Summary Judgment Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "go beyond the pleadings," using competent summary judgment evidence to cite "specific facts" showing a genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress &*

*Co.*, 398 U.S. 144, 157 (1970)). The court, however, does not have a duty "to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) ("Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [the] claim.").

"[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[T]here must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### 3. Choice of Law

In diversity cases, such as this one, federal courts ordinarily apply the choice of law rules of the state in which they sit. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 65 (2013). In Texas, a court need not decide which state's law governs if its conclusions would be the same under either state's law. *LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 456 (5th Cir. 2011) (citation omitted). In the absence of proof or argument to the contrary, Texas courts presume that the other state's law is identical to Texas law. *Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co.*, 475 S.W.3d 436, 441 n.5 (Tex. App.—Houston [14th Dist.] 2015), *rev'd on other grounds*, 512 S.W.3d 878 (Tex. 2017).

Here, although the incident occurred in Nevada, no party discusses conflicts of law between Nevada's negligence or premises liability law and Texas's law. *See* ECF No. 23, 57, 58, 59. Thus, the court presumes that Nevada law is identical to Texas law. *See Cooper Indus.*, 475 S.W.3d at 441 n.5. The court applies Texas law.

### *4. Premises Liability Analysis*

The first issue raised by the Defendants is whether Gonzalez has a premises liability claim or a negligence claim. Under Texas law, "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)). The claim is for negligence when the injury is the result of a contemporaneous, negligent activity on the property, and the claim is for premises liability when the injury is the result of the property's condition rather than an activity. *Id.* (citing *H.E. Butt Grocery Co. v. Warner*, 848 S.W.2d 258, 259 (Tex. 1992)).

Here, Gonzalez's injury resulted from the condition of the pool and its steps, not from any activity on the property. Therefore, his claim is for premises liability.

An invitee is a person who enters another's land with the owner's knowledge and for the mutual benefit of both. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citation omitted). Gonzalez, as a guest at Defendants' resort, was an invitee. The parties, citing the legal standard applicable to invitees, agree. ECF No. 57 ¶ 4; ECF No. 58 ¶ 1.3. In order to prevail in a premises liability case, "the invitee plaintiff must show that[:] (1) the owner had actual or constructive knowledge of the condition at issue; (2) the condition was unreasonably dangerous; (3) the owner did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) the owner's failure to reduce or eliminate the unreasonable risk of harm proximately caused the plaintiff's injuries." *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022) (citing *Keetch*, 845 S.W.2d at 264).

Defendants argue that Gonzalez does not have evidence of any element of his premises liability claim. ECF No. 57 ¶ 5.

Defendants also present affirmative evidence negating at least the first two elements of Gonzalez's claim—knowledge and existence of a dangerous condition.

Defendants' expert, Michael Oostman, inspected the pool and prepared a report. ECF No. 57-1. Oostman is an aquatic safety expert and has inspected thousands of swimming facilities to evaluate compliance with industry standards and codes. *Id.* at 1. There is no argument that Oostman is not qualified to testify as a safety expert in this case. Oostman inspected Defendants' pool on September 20, 2021. *Id.* at 2. He found that the pool's "treads [steps] and deck surface are constructed with slip-resistant materials." ECF No. 57-1 at 2. He also found that the pool had been permitted by the Southern Nevada Health District for opening in 2008. *Id.* A Health Permit was issued on July 1, 2020, and was valid until June 30, 2021. *Id.* at 2–3. The pool was thus operating under a valid permit on August 16, 2020, when Gonzalez slipped. The permit certified that the pool was operating in compliance with the health laws and regulations promulgated by the Nevada Division of Environmental Protection and the Southern Nevada District Board of Health. Those regulations require the steps be designed with slip-resistant material. ECF No. 57-1 at 2 3.

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.'" *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Transamerica Ins. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995) (per curiam)). Having asserted that Gonzalez lacks evidence to prove his claim and having presented affirmative evidence refuting some of the essential elements of his claim, the burden

shifts to Gonzalez to come forward with evidence showing that there is a genuine issue of material fact.

Gonzalez cites his affidavit and a surveillance video capturing his fall. ECF No. 58 at 2. Gonzalez's affidavit provides limited information. He states that upon arrival at Defendants' establishment, the pool was closed. ECF No. 58-1. On August 16, 2020, the pool was opened. *Id.* Gonzalez explains that "Around 1:00 pm, I decided to walk to the indoor pool to cool down. As [I] took one step into the pool, I slipped on the steps. I did not feel any slip resistant materials on the steps." *Id.* He goes on to state that he "believe[s] that the pool was not properly maintained correctly due to Covid and understaffing." ECF No. 58-1 at 1. The surveillance video is of limited use. The video camera shows a part of the pool area through a set of double doors leading to the pool area. The doors to the pool area obstruct the view of the pool steps. The view of the pool is blurry. It is thus difficult if not impossible to glean from the video anything meaningful about the condition of the pool area, the materials from which the steps were constructed, or whether there was any substance on the ground. It does show Gonzalez's fall.

Gonzalez's subjective belief that the pool was not properly maintained does not raise a genuine fact issue. It appears to be mere speculation. He cites no actual evidence in support of his contention. Gonzalez's statement that he did not "feel" any slip resistant material on the steps also does not raise a genuine fact issue. Defendants' expert has demonstrated that the pool was properly constructed out of slip resistant material at the time of the inspection. The permit, which was issued shortly before the fall, shows that the pool was constructed of slip resistant material on the day of the fall. Gonzalez does not rebut Oostman's opinions. Gonzalez thus has no evidence of a dangerous condition.

Even assuming a dangerous condition existed, for example because of a substance on the floor on the day of the fall, there is no evidence to demonstrate that Defendants would have had any knowledge of it. Nothing out of the ordinary can be seen from the video, and Gonzalez does not state in his affidavit what condition it was that Defendants should have known about. The court need not address the other elements of Gonzalez's premises liability claim.

## 5. Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment, ECF No. 57, is **GRANTED**. A separate final judgment will be entered dismissing Gonzalez's case with prejudice.

Signed at Houston, Texas on November 15, 2023.

_____
Peter Bray
United States Magistrate Judge